**UNITED STATES DISTRICT COURT
FOR THE STATE OF COLORADO**

Case No. 1:19-cv-507

CHARLES STEWART,
    Plaintiff,

vs.

NAPA a/k/a DENVER DISTRICT CENTER d/b/a NAPA AUTO PARTS,
    Defendant.
_____

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND JURY DEMAND**
_____

Plaintiff, Charles Stewart, by and through his attorney, Mark A. Simon, Esq., alleges and asserts claims against Defendant Napa a/k/a Denver District Center d/b/a Napa Auto Parts (herein referred to as "Napa") as follows:

**INTRODUCTION**

1. Plaintiff Charles Stewart was employed by Defendant Napa for approximately 14 years. He was injured in the course and scope of his employment at Napa on January 6, 2016. Shortly after he reached maximum medical improvement on April 27, 2017, he was fired by the employer on May 9, 2017.

2. Plaintiff Charles Stewart brings claims against Defendant Napa pursuant to Title VII of the Civil Rights Act of 1964 as codified, 42 U.S.C. §§2000e to 2000e - 17 (gender, age); the Americans with Disabilities Act of 1990 as codified, 42 U.S.C. §12112 to 12117 and on the grounds of retaliatory termination as recognized in Colorado common law.

## FACTUAL BACKGROUND

3. Plaintiff Stewart was employed by Defendant Napa as a stocker. He was paid at the rate of $17.75 per hour; working 40 hours per week with employer paid benefits when he was injured on January 6, 2016. These injuries included diagnosis of left shoulder rotator cuff tear with surgical repair. He reached maximum medical improvement and was discharged from active medical care on April 27, 2017 with work restrictions of only occasional lifting with the left arm above the level of the shoulder and no overhead work. Even with these restrictions, he was able to perform the essential functions of his job with Defendant Napa. There were a few parts to be stocked that were not within his restrictions; however, younger women with the same job at this place of employment were not required to stock these heavier items either. These heavier items comprised a small amount of the total stocking that Plaintiff Stewart's job required.

4. Plaintiff Stewart additionally avers that Defendant Napa makes a business practice of firing workers who assert workers' compensation claims under Colorado law and has a business practice of firing such workers in retaliation for their assertion of workers' compensation claims. Additionally, Defendant Napa colludes with its workers' compensation insurer and its hired attorneys to create disincentives to continued employment at Napa by conditioning resolution of workers' compensation claims upon "voluntary" resignation.

## FIRST CAUSE OF ACTION
**(Discrimination Based on Gender and Age)**

5. The allegation of each of the preceding paragraphs are realleged and incorporated herein by reference.

6.      Title VII of the Civil Rights Act of 1964, as codified U.S.C. §§2000e to 2000e - 17, prohibits discrimination based on age and gender. Plaintiff Stewart was born on August 1, 1958. In the workplace at Defendant Napa, younger women with the same job title, job responsibilities, and pay as Plaintiff Stewart were permitted ongoing employment performing the same job duties that Plaintiff Stewart was able to perform at the time he was fired. Plaintiff Stewart avers that he was informed by his supervisor on May 9, 2017 that there was "no job available." At the time, Plaintiff Stewart had been performing modified work within his permanent job restrictions and doing the same work as younger female employees in the same employment position. Thus, Plaintiff Stewart was discriminated against by Defendant Napa based on his age and gender.

**SECOND CAUSE OF ACTION**
**(Discrimination Based upon Disability)**

7.      The allegation of each of the preceding paragraphs are realleged and incorporated herein by reference.

8.      At the time of discharge from active medical care in his workers' compensation case (April 27, 2017), Plaintiff Stewart's work restrictions included only occasional lifting with the left arm above the level of the shoulder and no overhead work. His pre-injury job duties involved stocking – lifting parts and placing them on shelves, taking parts off the shelves; and moving parts around – of parts of a great variety of sizes, shapes, and weights. These parts ranged from a few ounces up to one hundred pounds. These heavier parts were infrequently encountered. Other employees who are not capable of lifting the heavier parts are routinely accommodated through assistive devices or help from co-workers. In spite of this, Defendant

Napa made the decision to terminate the employment of Plaintiff Stewart rather than accommodate him, in violation of the Americans with Disabilities Act.

9.      At the time of his termination and forward, Plaintiff Stewart is actually disabled. There is a record of his disability. He endures substantial limitations of major life activities.

### THIRD CAUSE OF ACTION
### (Retaliation)

10.     The allegation of each of the preceding paragraphs are realleged and incorporated herein by reference.

11.     Colorado Law recognizes the cause of action for wrongful termination when the employer retaliates against a workers' compensation claimant because the claimant has made a claim or exercised a legal right within that claim. *Lathrop v. Enternmann's, Inc.,* 770 P.2d 1367 (Colo. App. 1989); *Herrera v. San Luis Central Railroad Company,* 997 P.2d 1238 (Colo. App. 1999). Defendant Napa routinely terminates injured workers who make workers' compensation claims. According to Plaintiff Stewart, Defendant Napa also directs its workers' compensation attorneys to require resignation as a part of the routine handling of injured workers' claims.

### DAMAGES

12.     The allegation of each of the preceding paragraphs are realleged and incorporated herein by reference.

13.     As a result of the foregoing actions, Plaintiff Stewart has lost wages in the past and will incur lost wages in the future. He was within eleven (11) months of pension vestment which would have paid a lifetime pension. He has suffered emotional upset and distress. Plaintiff Stewart reserved the right to seek exemplary damages by reason of Defendant Napa's retaliatory wrongful discharge.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Plaintiff Stewart filed a complaint with the Equal Employment Opportunity Commission alleging discrimination based on sex, age and disability and alleging retaliation. Plaintiff Stewart received a Notice of Right to Sue which was mailed to him on December 10, 2018 (herein affixed as **Exhibit 1**).

## RELIEF REQUESTED

WHEREFORE premises considered, Plaintiff Charles Stewart requests the Court enter the following relief for Plaintiff Stewart and against Defendant Napa:

1. Award Plaintiff back pay and benefit loss.

2. Award Plaintiff front pay and benefit loss.

3. Award Plaintiff damages for emotional upset and distress and other damages allowable under law.

4. Award Plaintiff attorney's fees and costs pursuant to federal statutes including 42 U.S.C. §1988 and the age discrimination statutes.

5. Award Plaintiff interest from the earliest possible date.

6. Enter such other relief as is just and proper.

7. Plaintiff demands a trial by jury on all issues triable by a jury.

DATED this 20th day of February, 2019.

                                                  Respectfully submitted,

                                                  */s/ Mark A. Simon*
                                                  Mark A. Simon, #18578
                                                  Attorney at Law
                                                  950 S. Cherry St., Suite 1200
                                                  Denver, CO 80210
                                                  #303.320.4878 – phone
                                                  nicole@coloradolawyer.net – email
                                                  Attorney for Plaintiff

Plaintiff's address:

PO Box 606
Commerce City, CO 80037